MORGAN, LEWIS & BOCKIUS LLP
JOHN S. BATTENFELD, State Bar No. 119513
john.battenfeld@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, California 90071
Telephone: 213.612.2500
Facsimile:  213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
LINCOLN O. BISBEE, *admitted pro hac vice*
lincoln.bisbee@morganlewis.com
1111 Pennsylvania Avenue NW
Washington, DC 20004
Telephone: 202.739.3000
Facsimile: 202.739.3001

MORGAN, LEWIS & BOCKIUS LLP
ALEXANDER L. GRODAN, State Bar No. 261374
alexander.grodan@morganlewis.com
LINDA Z. SHEN, State Bar No. 294039
linda.shen@morganlewis.com
2049 Century Park East, Suite 700
Los Angeles, California 90067
Telephone: 310.907.1000
Facsimile: 310.907.1001

Attorneys for Defendant
MAXIM HEALTHCARE SERVICES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH FUENTES and MYRNA JOHNSTON, individually, and on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MAXIM HEALTHCARE SERVICES. INC.; and DOES 1-50,<br><br>Defendants. | Case No.: 2:17-cv-01072-AB<br><br>**DEFENDANT MAXIM HEALTHCARE SERVICES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS AND/OR STRIKE PLAINTIFF FUENTES AND JOHNSTON'S FIFTH AMENDED COMPLAINT**<br><br>Date:  July 27, 2018<br>Time: 10:00 A.M.<br>Judge: Hon. André Birotte<br>Ctrm: 7B |

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................1

II.     PROCEDURAL BACKGROUND ...................................................................3

    A.  Duran's First-Filed Complaint ................................................................3

    B.  Fuentes Complaint and the Consolidated Action ................................4

    C.  Defendant's Motion to Dismiss the Fourth Amended Complaint ........4

    D.  The Court's Denial of Duran and Fuentes's Attempt to Sever ...........5

    E.  The Insufficient Allegations in Fuentes and Johnston's 5AC ............6

III.    LEGAL ARGUMENT .......................................................................................9

    A.  Governing Legal Standards ....................................................................9

        1.  Legal Standard for Motion to Dismiss Under Rule 12(b)(6) ...................................................................................9

        2.  Motions to Strike Under Rule 12(f) and Rule 23 ....................10

    B.  The Court Should Dismiss or Strike Plaintiffs' Class Claims ...........10

        1.  The Class Allegations Are Not Plausibly Alleged ..................10

        2.  The Class Allegations Are Not Viable ....................................12

        3.  The Alleged Class Periods Are Without Basis ........................15

            a.  The Wage Statement Class Period ................................15

            b.  The Minimum Wage Class Period ................................16

            c.  The Remaining Class Periods ........................................16

    C.  The Court Should Dismiss or Strike Plaintiffs' PAGA Claims ..........18

        1.  The PAGA Allegations Are Overbroad and Improper .............18

        2.  The PAGA Claims Are Unmanageable ....................................19

    D.  Plaintiffs' Individual Claims Fail Because They Lack Adequate Factual and Legal Allegations ..............................................................20

        1.  The 5AC Lacks Sufficient Factual Allegations to Support Johnston's Second Cause of Action for Minimum Wage Violations ..............................................................................20

        2.  The 5AC Lacks Sufficient Factual Allegations to Support Plaintiffs' Third Cause of Action for Failure to Timely Pay Wages Upon Separation of Employment .........................21

        3.  The 5AC Lacks Sufficient Legal and Factual Allegations to Support Plaintiffs' Representative Claim for Failure to Maintain Records ..................................................................22

        4.  The 5AC Lacks Sufficient Factual Allegations to Support Fuentes's First Cause of Action for Overtime Violations ......23

IV.     CONCLUSION ................................................................................................24

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 33422845

i

CASE NO.: 2:17-CV-01072-AB

# <u>TABLE OF AUTHORITIES</u>

**Page**

**FEDERAL CASES**

*Amey v. Cinemark USA, Inc.*,
2015 WL 2251594 (N.D. Cal. May 13, 2015) ....................................................20

*Anderson v. Blockbuster Inc.*,
2010 WL 1797249 (E.D. Cal. May 4, 2010)........................................................21

*Branch v. Tunnell*,
14 F.3d 449 (9th Cir. 1994) .................................................................................24

*Brown v. Wal-Mart Stores, Inc.*,
2013 WL 1701581 (N.D. Cal. April 18, 2013) ...................................................22

*Burdick v. Union Sec. Ins. Co.*,
2009 WL 4798873 (C.D. Cal. 2009) ...................................................................10

*Byrd v. Masonite Corp.*,
2016 WL 756523 (C.D. Cal. Feb. 25, 2016) ...............................................12, 15

*Chavez v. Wal-Mart Stores, Inc.*,
2014 WL 12591252 (C.D. Cal. June 2, 2014).....................................................13

*Escano v. Kindred Healthcare Operating Co.*,
2013 WL 816146 (C.D. Cal. Mar. 5, 2013) ........................................................10

*Fine v. ConAgra Foods, Inc.*,
2010 WL 3632469 (C.D. Cal. Aug. 26, 2010) ....................................................10

*Fuentes v. Maxim Healthcare, Inc.*,
Case No. 17-cv-2178 ..............................................................................................4

*Gormley v. Nike Inc.*,
2013 WL 322538 (N.D. Cal. Jan. 28, 2013) .......................................................12

*Hanon v. Data Products Corp.*,
976 F.2d 497 (9th Cir. 1992)...............................................................................13

*Hibbs-Rines v. Seagate Technologies*,
2009 U.S. Dist. LEXIS 19283 (N.D. Cal. Mar. 2, 2009) ...................................19

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

ii

CASE NO.: 2:17-CV-01072-AB

DB2/ 33422845

*Hovsepian v. Apple, Inc.*,
   2009 WL 5069144 (N.D. Cal. Dec. 17, 2009) ................................................... 10

*Jeske v. Maxim Healthcare, Inc.*,
   2012 WL 1130639 (E.D. Cal. March 30, 2012)........................................... 12, 19

*Landers v. Quality Commc'ns, Inc.*,
   771 F.3d 638 (9th Cir. 2014)................................................................. 10, 21

*Litty v. Merrill Lynch*,
   2014 WL 5904904 (C.D. Cal. Nov. 10, 2014) ................................................... 20

*Mazur v. eBay Inc.*,
   257 F.R.D. 563 (N.D. Cal. 2009) ....................................................................... 11

*Ortiz v. CVS Caremark Corp.*,
   2014 WL 1117614 (N.D. Cal. Mar. 19, 2014) ................................................... 20

*Ritenour v. Carrington Mortg. Servs. LLC*,
   228 F.Supp.3d 1025, 1033................................................................................ 21

*Sanchez v. Aerogroup Retail Holdings, Inc.*,
   2013 WL 1942166 (N.D. Cal. May 8, 2013) ..................................................... 22

*Sanders v. Apple Inc.*,
   672 F. Supp. 2d 978 (N.D. Cal. 2009)............................................................... 10

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*,
   806 F.2d 1393 (9th Cir. 1986)........................................................................... 10

*Shann v. Durham School Services, L.P.*,
   182 F.Supp.3d (C.D. Cal. 2016)........................................................................ 12

*Starr v. Baca*,
   652 F.3d 1202 (9th Cir. 2011)........................................................................... 10

*Stokes v. CitiMortgage, Inc.*,
   2015 WL 709201 (C.D. Cal. Jan. 16, 2015)...................................................... 14

*Trazo v. Nestle USA, Inc.*,
   2013 WL 4083218 (N.D. Cal. Aug. 9, 2013)............................................... 10, 14

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011) ....................................................................................... 2, 14

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 33422845

iii

CASE NO.: 2:17-CV-01072-AB

## STATE CASES

*Alvarado v. Dart Container Corp.*,
    Case No. S232607 (Cal. Sup. Ct, March 5, 2018) ............................................... 23

*Krause v. Trinity Mgmt. Serv., Inc.*,
    23 Cal. 4th 116 (2000) *superseded by statute* ...................................................... 19

*Murphy v. Kenneth Cole Properties, Inc.*,
    40 Cal. 4th 1094 (2007) ....................................................................................... 15

*Rosenbluth Int'l v. Superior Court*,
    101 Cal. App. 4th 1073 (2002) ............................................................................. 19

*Williams v. Superior Court*,
    3 Cal.5th 531 (2017) ............................................................................................. 19

## FEDERAL STATUTES

Fed. R. Civ. P. 12(b)(6) ............................................................................................... 9

Fed. R. Civ. P. 12(f) ................................................................................................... 10

Fed. R. Civ. P. 23 .................................................................................... 10, 12, 13, 14

## STATE AND LOCAL STATUTES

Cal. Bus. & Prof. Code § 17200, *et seq.* .............................................................. 5, 6

Cal. Bus. & Prof. Code § 17203 ............................................................................... 19

Cal. Code Civ. Proc. § 340(a) .................................................................................. 15

Cal. Lab. Code § 201 ................................................................................................ 21

Cal. Lab. Code § 201.3 ............................................................................................. 21

Cal. Lab. Code § 204 ................................................................................................ 18

Cal. Lab. Code §§ 210 .............................................................................................. 18

Cal. Lab. Code § 223 ................................................................................................ 18

Cal. Lab. Code § 226 ............................................................................................ 4, 15

Cal. Lab. Code § 226.7 ............................................................................................. 18

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 33422845

iv

Cal. Lab. Code § 512 .............................................................................. 18

Cal. Lab. Code § 1174 ........................................................... 4, 18, 22, 23

Cal. Lab. Code §§ 2698, 2699, *et seq.*................................................... 5, 6

Los Angeles County Minimum Wage Ordinance ......................... 8, 15, 20

PAGA..............................................................................................*passim*

**OTHER AUTHORITIES**

2 Alba Conte & Herbert B. Newberg, *Newberg on Class Actions* §
    7.26 (4th ed. 2005)............................................................................. 12

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 33422845

v

CASE NO.: 2:17-CV-01072-AB

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.     **INTRODUCTION**

Defendant Maxim Healthcare Services, Inc. ("Maxim") moves this Court for an Order dismissing and/or striking portions of Plaintiffs Elizabeth Fuentes and Myrna Johnston's class, representative, and individual allegations in their Fifth Amended Complaint ("5AC").

Previously, the Court granted in large part Maxim's Motion to Dismiss, or in the alternative, to Strike the Fourth Amended Complaint ("4AC") in a consolidated action involving Fuentes and then-named plaintiff Maria Duran.[1]  In doing so, the Court dismissed those plaintiffs' representative claims under the Labor Code Private Attorneys General Act of 2004 ("PAGA"), finding that it was "unable to sanction PAGA claims for imprecisely defined aggrieved employees."  Dkt. # 50 at 13:2-4.  The Court also dismissed Plaintiffs' class claims on the ground that they were not plausibly alleged and were "imprecise, overbroad, and unascertainable."  *Id.* at 14:14.  In addition, the Court found that "Plaintiffs' vague class allegations encompassing individuals with radically different job duties in different working environments also render the class definition overbroad."  *Id.* at 14:22-24.

Although the 5AC has narrowed the scope of the claims and putative class and subclasses, the same types of fundamental pleading deficiencies that led this Court to dismiss Plaintiffs' prior class and representative claims continue to exist on the face of the 5AC.  Plaintiffs point to no plausible common Maxim policies or practices from which their alleged wage and hour violations stem, but nonetheless assert six putative class and representative claims on behalf of thousands of non-exempt employees who: (1) worked in the homes of Maxim's clients throughout the State of California; or (2) worked in Maxim offices throughout California as

---

[1] Duran's claims were dismissed with leave to amend but she did not amend and is not a named Plaintiff in the 5AC.  Instead, in an attempt to dodge this Court's order denying her request to sever the consolidated complaint (*see* Dkt. # 60), Duran filed her own class action lawsuit in Los Angeles County Superior Court, which Maxim has recently removed pursuant to the Class Action Fairness Act.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 33422845.12

1

CASE NO.: 2:17-CV-01072-AB

"administrative support staff." *See* 5AC at ¶ 53.  As with the 4AC, the two named Plaintiffs assert individualized and distinct theories of liability for their various class claims.  For example, Fuentes bases her unpaid wages theory on Maxim's alleged failure to include a non-discretionary bonus in her regular rate.  Johnston, makes no such allegation and instead pursues different theories, alleging that Maxim underpaid her overtime by $0.52 during a single pay period, and failed to pay $1.50 under a Los Angeles County Minimum Wage and Ordinance during a single pay period.

Plaintiffs' individualized theories of recovery demonstrate that their disputes cannot be resolved using common proof even as between themselves, much less on a class-wide basis, as required under *Wal-Mart Stores, Inc. v. Dukes* and its Ninth Circuit progeny.  And because these dissimilar theories of liability form the basis for Plaintiffs' derivative PAGA claims, those representative claims are also inherently unmanageable.  Accordingly, the Court should again dismiss or strike Plaintiffs' class and representative claims in their entirety.

The Court should also strike or dismiss Plaintiff's minimum wage class claim for an additional reason.  Johnston's sole basis for her minimum wage claim is that—for *one hour* of work on a *single day*—she was paid slightly less than the minimum wage purportedly required under a Los Angeles County ordinance.  First, the 5AC does not even adequately plead this claim as to Johnston herself because she does not allege that she was covered by the ordinance.  Second, this claim cannot possibly apply to Fuentes, who alleges that she worked in San Diego, not Los Angeles County.  Nor can this claim apply to the state-wide minimum wage subclass that Plaintiffs seek to pursue.  *See* 5AC ¶ 49.

Despite the Court's admonition that "failure to allege sufficient factual details in an amended pleading, may result in dismissal of those amended claims with prejudice," Dkt. # 50 at 15:12-14, Plaintiffs' amended pleading adds factual allegations that *undermine* their ability to bring their action on a class-wide and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 33422845

2

CASE NO.: 2:17-CV-01072-AB

representative basis.  Because Plaintiffs' attempts to address their pleading deficiencies involve substitution of one Plaintiff (Duran) for another (Johnston) whose allegations are entirely individualized, this demonstrates that any further amendment to the Complaint would be futile.  Plaintiffs' class and representative claims should therefore be dismissed with prejudice.

Finally, entirely aside from Plaintiffs' failure to plausibly allege facts that would support either class or representative treatment of their claims, the 5AC continues to be deficient with respect to a number of Plaintiffs' individual claims.  Specifically, the 5AC lacks sufficient factual allegations to support Johnston's minimum wage and overtime claims, both Plaintiffs' claims for failure to timely pay wages upon termination, and both Plaintiffs' claim for failure to maintain records.  These claims should also be dismissed with prejudice.

## II.   PROCEDURAL BACKGROUND

### A.   Duran's First-Filed Complaint

On January 15, 2016, Duran, a Certified Nursing Assistant who worked in Maxim's Staffing Division,[2] filed an action in Los Angeles County Superior Court (the "Complaint").  *See* Notice of Removal ("NOR"), Dkt. #1. This Complaint alleged a single cause of action for violation of PAGA.  *See id.*

On December 15, 2016, Duran filed a First Amended Complaint ("1AC").  *See* NOR, Dkt. #1.  Duran's 1AC alleged various putative class claims for alleged violations of the California Labor Code.  The 1AC also alleged a representative claim under PAGA.  *See id.*

On February 9, 2017, Maxim removed the action to this Court.  *See* NOR, Dkt. #1.  After the parties met and conferred about Maxim's objections to the 1AC, Duran filed a Second Amended Complaint ("2AC") on May 31, 2017.  *See* Dkt. #8.

---

[2] Maxim's "external" employees are Maxim healthcare employees who are assigned to work for clients and generally work for one of two divisions: Homecare or Staffing.  Employees who work in administrative positions in Maxim's offices are called "internal" employees.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 33422845

3

CASE NO.: 2:17-CV-01072-AB

1   Duran then filed a Third Amended Complaint ("3AC") on August 23, 2017.  *See*

2   Dkt. # 17.

3        **B.      Fuentes Complaint and the Consolidated Action.**

4        On October 24, 2017, Fuentes, a Licensed Vocational Nurse ("LVN") who

5   worked in Maxim's Homecare Division providing healthcare services in the home

6   of one client (4AC ¶ 19), filed a putative class action alleging certain Labor Code

7   claims against Maxim in the United States District Court for the Southern District

8   of California.  *Fuentes v. Maxim Healthcare, Inc.,* Case No. 17-cv-2178 CAB-NLS.

9   Fuentes sought to represent a putative class of "all current and former nonexempt

10  employees who worked in California from October 24, 2016 to the present as or in

11  connection with home caregivers or similar occupations."  Request for Judicial

12  Notice ("RJN"), Exh. E.

13       On October 27, 2017, Duran filed a Notice of Pendency of Other Actions

14  pursuant to Central District Local Rule 83-1.4.2, informing this Court of the

15  *Fuentes* action.  *See* Dkt. # 23.  Thereafter, Duran and Fuentes submitted an

16  unopposed Joint Motion to Transfer *Fuentes* to the Central District pursuant to the

17  First-to-File Rule. RJN, Exh. F.  *See* Case No. 17-cv-2178, Dkt #3.  On December

18  8, 2017, the Southern District granted Plaintiffs' stipulation and entered an Order

19  transferring the *Fuentes* matter to this Court.  RJN, Exh. G.  On December 28,

20  2017, this Court granted the parties' request to consolidate the *Duran* and *Fuentes*

21  cases.  Dkt # 30.  Duran and Fuentes filed a consolidated Fourth Amended

22  Complaint on January 5, 2018.  Dkt # 36.

23       **C.      Defendant's Motion to Dismiss the Fourth Amended Complaint.**

24       Duran and Fuentes's 4AC alleged nine claims: (1) Failure to Pay State

25  Overtime Wages; (2) Failure to Pay State Minimum/Regular Wages; (3) Meal

26  Break Violations; (4) Rest Break Violations; (5) "Failure to Make Payments Within

27  the Required Time"; (6) Violation of Labor Code §226; (7) Failure to Maintain

28  Required Records in Violation of California Labor Code §§ 1174, *et seq.;*

(8) Remedies Under PAGA (Cal. Lab. Code §§ 2698, 2699, *et seq*.); and (9) Unfair Business Practices (Cal. Bus. & Prof. Code § 17200, *et seq.*).  Duran and Fuentes sought to represent the following aggrieved employees for purposes of PAGA: "All current or former employees who worked in California from December 7, 2015 to the present."  4AC ¶ 63.  They also sought to represent a putative class of "[a]ll California-based employees Defendants' [*sic*] employed at any time from December 15, 2012 to the present."  *Id.* at ¶ 77.

On March 9, 2018, after considering Maxim's fully briefed Motion to Dismiss or, in the alternative, to Strike Plaintiff's Fourth Amended Complaint ("First Motion to Dismiss"), the Court granted the First Motion to Dismiss *with prejudice* as to: (1) Duran's sixth cause of action for failure to furnish timely and accurate wage statements; (2) Duran and Fuentes's seventh cause of action for failure to maintain records; and (3) Duran and Fuentes's request for injunctive relief.  The Court also granted the First Motion to Dismiss *with leave to amend* as to: (1) Duran and Fuentes's first and second causes of action for failure to pay overtime and minimum wages; (2) Duran's third and fourth causes of action for failure to provide meal and rest periods; (3) Duran and Fuentes's fifth cause of action for failure to timely pay wages upon separation of employment; (4) Duran and Fuentes's eighth cause of action for penalties under PAGA; and (5) Duran and Fuentes's class claims.  Thus, upon the entry of the Court's order granting in part the First Motion to Dismiss, the only surviving claims in the action were Fuentes's individual claim for failure to furnish timely and accurate wage statements, and her derivative claim for violation of California Business and Professions Code §§ 17200, *et. seq.*

**D.    The Court's Denial of Duran and Fuentes's Attempt to Sever.**

On April 20, 2018, the Court-ordered deadline for Duran and Fuentes to jointly file a Fifth Amended Complaint (*see* Dkt. # 55), Duran and Fuentes filed a notice regarding their intent to sever the consolidated complaint and file separate

amended complaints, attaching their respective proposed Fifth Amended Complaint and proposed Second Amended Complaint as exhibits to the notice.  Dkt. # 56.  On May 1, 2018, the Court issued an order summarily denying Duran and Fuentes's request to sever the consolidated complaint.  Dkt. # 60.  In response to this order, Duran failed to amend her dismissed claims.  Instead, Duran unilaterally, and with the express disapproval of Maxim, filed an action in Los Angeles Superior Court on May 17, 2018.  On June 11, 2018, Fuentes filed the 5AC without Duran as a named plaintiff, but adding Johnston as a named Plaintiff.  Dkt. # 64.  Johnston works for Maxim's Homecare Division as an LVN providing healthcare services in patients' homes.  5AC ¶¶ 19, 21.

### E.   The Insufficient Allegations in Fuentes and Johnston's 5AC.

The 5AC alleges six claims: (1) Failure to Pay State Overtime Wages; (2) Failure to Pay State Minimum/Regular Wages or Minimum Wages per Local Law; (3) Failure to Timely Pay Wages Upon Separation of Employment; (4) Failure to Provide Accurate Wage Statements; (5) Remedies Under PAGA (Cal. Lab. Code §§ 2698, 2699, *et seq.*); and (6) Unfair Business Practices (Cal. Bus. & Prof. Code § 17200, *et seq.*).

Plaintiffs Fuentes and Johnston seek to represent a putative class of "[a]ll California-based nonexempt employees Defendants employed in the Homecare Class at any time from December 15, 2012 to the present."  *Id.* at ¶ 48.  The 5AC alleges the following subclasses, all based on the defined phrase "Homecare Class":

- **Homecare Class:** All persons who worked for Defendants in California as non-exempt employees serving or helping to serve, such as administrative support staff, Defendants' customers in their homes from January 15, 2012 to the present.

- **Minimum Wage Class:** All members of the Homecare Class who worked less than eight hours a day or less than 40 hours in a workweek for Defendants in California as an hourly-paid nonexempt employee at any

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 33422845

6

CASE NO.: 2:17-CV-01072-AB

time from January 15, 2012 to the present.

- <u>Overtime Class:</u> All members of the Homecare Class who worked more than eight hours a day or more than 40 hours in a workweek for Defendants in California as an hourly-paid non-exempt employee at any time from January 15, 2012 to the present.

- <u>Waiting Time Penalty Class:</u> All members of the Homecare Class whose employment was terminated from January 15, 2013 to the present.

- <u>Wage Statement Class:</u> All members of the Homecare Class who worked for Defendants in California as an hourly-paid non-exempt employee from November 24, 2014 to the present and received a wage statement during that period.

*Id.* at ¶ 49.

Although they seek to bring a representative PAGA claim, Plaintiffs do not clearly define the employees they seek to represent. Instead, they refer repeatedly to the "Aggrieved Employees" without specifically defining the term, except to allege they were "similarly situated employees" to Plaintiffs and that they "worked in the Homecare Class from October 24, 2016 to the present." *See, e.g.*, 5AC, ¶¶ 125, 126, 135.

Critically, the *only* specific facts Fuentes and Johnston allege in common is their employment with Maxim as nonexempt LVNs in Maxim's Homecare Division at client homes in California. 5AC ¶¶ 18-19. As shown in the below chart, their specific factual assertions regarding Maxim's alleged violations share no common theories of wrongdoing, even where their allegations concern violations of the same statutory provisions.

///

///

///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 33422845

7

CASE NO.: 2:17-CV-01072-AB

| 5AC Claim | Fuentes's Allegations | Johnston's Allegations |
|---|---|---|
| Failure to Pay Overtime | 5AC ¶¶ 22-26, 76.<br>○ Non-discretionary bonus of $76 was not included in regular rate calculation on two occasions, so overtime calculations were based on an incorrect regular rate.<br>○ Overtime pay was calculated using an hourly rate that was only half of her base hourly rate on one occasion. | 5AC ¶¶ 27-28.<br>○ Overtime payment fell $0.52 short of 1.5 times her regular rate of pay on one occasion.<br>○ No allegations regarding an incorrect regular rate of pay, or that she ever received non-discretionary bonuses. |
| Failure to Pay Minimum/ Regular Wages | ○ **None**; alleges that she worked in San Diego County, and does not allege that she ever worked in Los Angeles County.  5AC ¶ 18. | 5AC ¶¶ 27, 29, 88.<br>○ Worked one hour in Los Angeles County where she was paid less than the minimum wage as purportedly required by the County's Minimum Wage Ordinance. |
| Waiting Time Penalties | 5AC ¶¶ 45, 108-109.<br>○ Derivative of failure to provide all unpaid wages in final paycheck upon termination. | ○ **None**; alleges that she is a current employee.  Johnston therefore lacks standing to bring this claim. 5AC ¶ 19. |

| 5AC Claim | Fuentes's Allegations | Johnston's Allegations |
|---|---|---|
| Wage Statements | 5AC ¶¶ 34-39.<br>o Standalone Claim: Overtime rates inaccurately stated on five occasions because they exceeded the overtime rates she was actually paid.<br>o Derivative Claim: Derivative of claim that her regular and overtime rates were sometimes inaccurate, where theory of inaccurate overtime rate is distinct from that of Johnston. | 5AC ¶ 40.<br>o Standalone Claim: Rate of pay missing for regular hours and overtime hours on one occasion; line item for "OT Adjustment" on one occasion that does not indicate the pay rate, applicable time period, and reason for payment.<br>o Derivative Claim: Derivative of claim that her overtime rate was sometimes inaccurate, where theory of inaccurate overtime rate is distinct from that of Fuentes. |

## III.   LEGAL ARGUMENT

### A.   Governing Legal Standards.

#### 1.   Legal Standard for Motion to Dismiss Under Rule 12(b)(6).

To survive dismissal under Rule 12(b)(6), "factual allegations must be enough to raise a right to relief above the speculative level" and "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action," must be alleged. *Twombly*, 550 U.S. at 555. In other words, "a complaint must contain sufficient factual matter, accepted as true, to '*state a claim to relief that is plausible on its face*.'" *Iqbal*, 556 U.S. at 678. (emphasis added) (quotation omitted).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 33422845

9

CASE NO.: 2:17-CV-01072-AB

With respect to class action claims, the Ninth Circuit has held that, under *Iqbal* and *Twombly*, "conclusory allegations that merely recite the statutory language are [not] adequate." *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014). Rather, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to recognize the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

While leave to amend is usually freely given, a court should deny leave to amend when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Moreover, in this case, the Court previously warned Plaintiffs that "failure to allege sufficient factual details in an amended pleading, may result in dismissal of those amended claims with prejudice," Dkt. # 50 at 15:12-14.

### 2. Motions to Strike Under Rule 12(f) and Rule 23.

"Under Rules 23(c)(1)(A) and 23(d)(1)(D), as well as pursuant to Rule 12(f), this Court has authority to strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained." *Hovsepian v. Apple, Inc.*, 2009 WL 5069144, at *2 (N.D. Cal. Dec. 17, 2009); *see also Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990-91 (N.D. Cal. 2009) (similar). "For [plaintiffs'] class action allegations to survive [a motion to strike], the complaint must make a prima facie showing that Fed. R. Civ. P. 23(a) and 23(b) can be satisfied." *Trazo v. Nestle USA, Inc.*, 2013 WL 4083218, at *11 (N.D. Cal. Aug. 9, 2013).

### B. The Court Should Dismiss or Strike Plaintiffs' Class Claims.

### 1. The Class Allegations Are Not Plausibly Alleged.

It is well-established that a class must be "defined in such a way that anyone within it would have standing." *Fine v. ConAgra Foods, Inc.*, 2010 WL 3632469, at *3 (C.D. Cal. Aug. 26, 2010) (*quoting Burdick v. Union Sec. Ins. Co.*, 2009 WL

4798873, at *4 (C.D. Cal. 2009)); *see also Escano v. Kindred Healthcare Operating Co.*, 2013 WL 816146, at *3 (C.D. Cal. Mar. 5, 2013) (same).  A class that includes people who suffered no harm is imprecise, overbroad, and unascertainable.  *See, e.g., Mazur v. eBay Inc.*, 257 F.R.D. 563, 567 (N.D. Cal. 2009) ("Because the class as currently defined would include these non-harmed [people], this portion of the class definition is both imprecise and overbroad").

Here, Plaintiffs define their class as: "**California-based nonexempt employees Defendants employed in the Homecare Class at any time from January 15, 2012 to the present**."  5AC ¶ 48 (emphasis in original).  Such a class definition is improper.  The 5AC fails to plausibly allege any facts to suggest that Fuentes and Johnston suffered wage and hour violations for reasons similar to each other, let alone to a much broader class of all "California-based nonexempt [Homecare Class] employees" whose headcount allegedly exceeds 1,000.  *See id.* ¶ 53.  The 5AC also fails to plausibly allege that all putative class members suffered harm.

Maxim's Homecare Division employees work in patient homecare settings, for instance, as nurses placed in homes to care for sick, dying, and disabled patients (including adults, seniors, children, and infants).  RJN, Exh. D, ¶ 4.  Both Fuentes and Johnston worked for Maxim in different patient homes as LVNs in Maxim's Homecare Division.  5AC ¶¶ 18-19.  However, Plaintiffs individualized allegations as discussed above do not plausibly allege any basis to even suggest that all Homecare Division employees suffered the alleged harm that Fuentes and/or Johnston suffered.  Plaintiffs compound this deficiency by seeking to include non-Homecare Division "administrative" (*i.e.*, internal office) employees in the alleged class and subclasses, *i.e.*, employees "*helping to serve, such as administrative support staff*, Defendants' customers in their homes."  5AC ¶ 49 (emphasis added).  Plaintiffs do not allege that they ever worked in an administrative support staff position, nor do they allege that employees who worked in such positions

performed similar job duties as them or were subject to similar relevant policies and practices of Maxim.

Vague class allegations encompassing individuals in different positions and locations—especially where, as here, the class claims are not based on any identified statewide policy—are deficient and subject to dismissal. *See* Dkt. # 50 (dismissing class claims from 4AC because "Plaintiff's vague class allegations encompassing individuals with radically different job duties in different working environments . . . render the class definition overbroad."); *see also*, *e.g.*, *Byrd v. Masonite Corp.*, 2016 WL 756523, at *2 (C.D. Cal. Feb. 25, 2016); *Shann v. Durham Sch. Servs., L.P.*, 182 F. Supp. 3d (C.D. Cal. 2016) (dismissing Plaintiffs' Rule 23 class action allegations, noting "Plaintiffs' deficient pleadings lie, in part, in their failure to adequately specify their own job positions and pay rates or the job positions and pay rates of the pertinent employee class. Moreover, Plaintiffs fail to identify a single statewide policy implemented by Defendant requiring its employees to work split shifts without pay. Absent this information, the Court is simply unable to assess the plausibility of this claim."); *Jeske v. Maxim Healthcare, Inc.*, 2012 WL 1130639, at *3 (E.D. Cal. March 30, 2012) (granting Maxim's motion to dismiss and limiting Plaintiffs' PAGA claims to the California Staffing Division prison facility where the plaintiff worked and the position that she held).

### 2.    The Class Allegations Are Not Viable.

Under Rule 23, courts are authorized to enter an order eliminating class allegations from a complaint. Fed. R. Civ. P. 23(d)(1)(D). In evaluating the sufficiency of class allegations, the court "need not blindly rely on conclusory allegations which parrot Rule 23 requirements," but, instead, should "consider the legal and factual issues presented by plaintiffs' complaint." *Gormley v. Nike Inc.*, 2013 WL 322538, at *3 (N.D. Cal. Jan. 28, 2013) (quoting 2 Alba Conte & Herbert B. Newberg, *Newberg on Class Actions* § 7.26 (4th ed. 2005)). Here, Plaintiffs' class allegations should be dismissed or stricken because Plaintiffs do not plead

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 33422845

12

CASE NO.: 2:17-CV-01072-AB

sufficient facts to show that their claims: (1) are typical of the putative class claims; or (2) demonstrate the requisite commonality or predominance under Rule 23.

First, Plaintiffs' class claims should be dismissed because they do not meet Rule 23(a)(3)'s typicality requirement.  Typicality generally requires factual allegations establishing "whether other members have the same or similar injury, whether the action is based on conduct, which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct."  *Hanon v. Data Prods. Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).  Here, Plaintiffs have failed to plead any facts plausibly establishing that their individualized claims are typical even of each other, much less of other putative class members.

In a clearly insufficient effort to plead typicality, Plaintiffs allege in a conclusory fashion that their "claims are typical of the claims of the respective Classes because Plaintiffs and members of the proposed Classes sustained similar injuries and damages arising out of and caused by Defendants' common courses of conduct and policies in violation of laws, regulations that have the force and effect of law and statutes as alleged herein."  5AC ¶ 57.  This boilerplate language parroting the typicality requirement does not satisfy pleading requirements because Plaintiffs have completely failed to allege that their claims are typical of one another, let alone of the claims of all nonexempt "Homecare Class" employees as defined.  Indeed, as demonstrated above, each Plaintiff's factual allegations concerning Maxim's alleged improper behavior are distinct from the other's.  *See supra*, Sections II.E, III.B.1.  The 5AC's failure to plausibly allege that Plaintiffs' claims are typical of the claims of the putative class provides an independent reason to strike or dismiss the class claims in their entirety.  *See, e.g., Chavez v. Wal-Mart Stores, Inc.*, 2014 WL 12591252, at *5 (C.D. Cal. June 2, 2014) (dismissing class claims because, among other reasons, plaintiff's claims were not typical).

Dismissal or striking of Plaintiffs' class allegations is also warranted because

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 33422845

13

CASE NO.: 2:17-CV-01072-AB

1    Plaintiffs have failed to plausibly allege that any common class-wide policy caused

2    the wage and hour violations alleged in the 5AC.  As such, there is no plausible

3    basis to believe there are common questions of fact or law that are susceptible to

4    class-wide proof.  Indeed, the absence of any common theory of liability even as to

5    the two Plaintiffs shows that there is no common policy that could support plausible

6    allegations of class-wide resolution.

7         In *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), the Supreme Court

8    held that a viable class claim must depend on a "common contention" that is

9    "capable of classwide resolution—which means that determination of its truth or

10   falsity will resolve an issue that is central to the validity of each one of the claims *in*

11   *one stroke*."  *Id.* (emphasis added).  "What matters to class certification . . . is not

12   the raising of common 'questions'—even in droves— but rather the capacity of a

13   classwide proceeding to generate common answers apt to drive the resolution of the

14   litigation."  *Id.* (quotations omitted).

15        Plaintiffs' class allegations concerning allegedly unpaid overtime, unpaid

16   minimum wages, failure to timely pay wages, and failure to provide accurate wage

17   statements do not plausibly satisfy these requirements.  Indeed, given the disparate

18   factual allegations made by Fuentes and Johnston—*e.g.*, Fuentes's claim that she

19   failed to receive small amounts of overtime due to bonuses she received, as

20   compared to Johnston's claim that she was underpaid $0.52 in overtime during one

21   workweek because her overtime rate paid was slightly less than she claims it should

22   have been—there is no commonality even as to the two plaintiffs and clearly no

23   commonly pled theory of liability that could plausibly apply to all non-exempt

24   employees who "served" Maxim's clients in their homes or "helped" serve them

25   including "administrative support staff."  The Court should strike or dismiss the

26   class claims for this reason.  *See*, *e.g.*, *Trazo*, 2013 WL 4083218, at *11 ("For their

27   class action allegations to survive [a motion to strike], the complaint must make a

28   *prima facie* showing that Fed. R. Civ. P. 23(a) and 23(b) [requiring commonality

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 33422845

14

CASE NO.: 2:17-CV-01072-AB

1   and typicality] can be satisfied."); *Stokes v. CitiMortgage, Inc.*, 2015 WL 709201,

2   at \*8 (C.D. Cal. Jan. 16, 2015) (striking class claims from complaint due to lack of

3   commonality); *Byrd*, 2016 WL 756523, at \*4 ("The Complaint does not allege any

4   facts showing that Defendants had statewide policies or practices giving rise to

5   Plaintiffs' causes of action such that common questions of fact and/or law could

6   provide class-wide answers and would be susceptible to class-wide proof.").

7           The Court should also strike Plaintiffs' minimum wage claim because

8   Plaintiffs' only specific allegations of minimum wage violations pertain to

9   Defendant's alleged violation of Los Angeles County's Minimum Wage Ordinance

10  with respect to Johnston.  Plaintiffs plainly cannot seek to represent a statewide

11  putative class for alleged violations of a local ordinance that only covers certain

12  employees working in certain areas within Los Angeles County.

13                    **3.      The Alleged Class Periods Are Without Basis.**

14                        **a.      The Wage Statement Class Period.**

15          Plaintiffs allege without any legal basis that November 24, 2014 through the

16  present is the relevant time period for the Wage Statement Class.  *See* 5AC ¶ 49.

17  Under Labor Code § 226, the statutory provision on which Plaintiffs' wage

18  statement cause of action is based, claims have a limitations period of one year.

19  Cal. Lab. Code § 226; Code Civ. Proc. § 340(a); *Murphy v. Kenneth Cole Props.,*

20  *Inc.*, 40 Cal. 4th 1094, 1118 n.16 (2007) ("claim for itemized wage statement

21  violations . . . is undisputedly governed by a one-year statute of limitations….").

22          Because the Court dismissed Duran's wage statement claim with prejudice,

23  *see* Dkt #50 at 9:25-27, and Duran is not currently a named plaintiff, Plaintiffs must

24  use Fuentes's complaint as the basis for their wage statement claim.  Fuentes first

25  filed her complaint on October 24, 2017.  *See supra* Section II.B.  Therefore, the

26  relevant time period for the alleged Wage Statement Class is at most October 24,

27  2016 through the present, and the Court should strike "November 24, 2014" from

28  the definition of the Wage Statement Class.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 33422845

15

CASE NO.: 2:17-CV-01072-AB

### b.  The Minimum Wage Class Period.

Similarly, Plaintiffs have no legal basis for using January 15, 2012 through the present as the relevant time period for the Minimum Wage Class, even as to a class limited to Homecare employees who worked in portions of Los Angeles County covered by the ordinance. *See* 5AC ¶ 49.  Plaintiffs' only specific allegation as to a minimum wage violation is that Johnston failed to receive minimum wage under a Los Angeles County ordinance for one hour of work. *See id.* at ¶ 29.  Yet, the ordinance cited, Chapter No. 8.100.010, *et seq.*, only became effective as of July 1, 2016. *See* Chapter No. 8.100.040(A)(1)(a) (discussing July 1, 2016 as the earliest date of the minimum wage requirements for employers with 26 or more employees).  Therefore, the relevant time period for the alleged Minimum Wage Class is at most July 1, 2016 through the present, and the Court should also strike "January 15, 2012" from the definition of the Minimum Wage Class.

### c.  The Remaining Class Periods.

Each of the remaining class periods for the Homecare, Overtime, and Waiting Time Penalty Classes are also without basis because they seek to assume that the 5AC—as filed by only Fuentes and Johnston—may continue to rely on the original complaint filed by Duran on January 15, 2016.  However, the Court dismissed all of Duran's claims, and Duran is not a party to the 5AC.  Further, Duran worked exclusively in Maxim's Staffing Division, not the Homecare Division that is the alleged class now. *See* RJN Exh. A, p. 9; Exh. B, p. 3, ¶ 2; Ex. C, pp. 1-2, ¶¶ 2-5.  The alleged class periods in the 5AC should therefore be based on the filing of Fuentes's complaint on October 24, 2017, and the Court should strike "January 15, 2012" from the definition of the Homecare Class and the Overtime Class, and "January 15, 2013" from the definition of the Waiting Time Penalty Class.  These dates can be no earlier than October 24, 2013, and October 24, 2014, respectively.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 33422845

16

CASE NO.: 2:17-CV-01072-AB

1    Even if the Court allows Fuentes and Johnston to borrow the filing date of

2    Duran's class action complaint to establish class periods for their own later-filed

3    claims—which it should not—the "January 15, 2012" date is still the incorrect date.

4    Duran's original complaint, filed on January 15, 2016, was <u>not</u> a class action as it

5    alleged only a single claim under PAGA.  Dkt. #1.  Duran did not assert any class

6    claims until she filed her 1AC on *December 15, 2016*.  There is no legal basis to

7    allow Fuentes or Johnston to toll the statute of limitations on their putative class

8    claims (or their individual claims) for nearly one year based on Duran having filed

9    a PAGA-only action.

10    The California Supreme Court has made clear that PAGA's purpose is to

11    enforce California labor laws on behalf of only one party—the State of California.

12    *See Arias v. Superior Court*, 46 Cal. 4th 969, 982 (2009); *Iskanian v. CLS Transp.*

13    *Los Angeles, LLC*, 59 Cal. 4th 348, 386 (2014).  Accordingly, a PAGA

14    representative action is not a class action brought on behalf of absent putative class

15    members, but an enforcement action brought on behalf of the State of California.

16    *Id.*  The limited tolling of claims allowed by *American Pipe & Constr. Co. v. Utah*,

17    414 U.S. 538 (1974) is only when a class action is filed.  None of the reasons for

18    tolling in *American Pipe* has any application to a PAGA action.  Indeed, at the time

19    Duran filed her PAGA action, neither Fuentes nor Johnston had any substantive

20    interest in the action.  *See Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425,

21    435 (2015) ("PAGA does not give an absent employee any substantive right to

22    bring their 'own' PAGA claim.").  Accordingly, no putative class periods could

23    possibly be tolled until December 15, 2016, when Duran first filed a complaint with

24    class claims.

25    Tellingly, Fuentes and Johnston appear to have become aware that they

26    cannot rely on the filing date of Duran's original complaint for the class periods

27    here because they replaced the "January 15, 2012" date with a "December 15,

28    2012" in at least once instance after the Court struck their previous attempt to file

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 33422845

17

CASE NO.: 2:17-CV-01072-AB

an amended complaint. *Compare* Dkt # 56, ¶ 48 *with* Dkt. # 70, ¶ 48. All other instances where Plaintiffs wrongly use the "January 15, 2012" limitations date in the 5AC should be similarly modified.

### C.   The Court Should Dismiss or Strike Plaintiffs' PAGA Claims.

#### 1.   The PAGA Allegations Are Overbroad and Improper.

The 5AC refers repeatedly to the "Aggrieved Employees" throughout the PAGA cause of action, without clearly defining this term anywhere in the 5AC. *See, e.g.*, 5AC ¶¶ 125, 126, 135. The 5AC refers to "Plaintiffs and similarly situated employees" as "aggrieved employees" (¶ 126) and seeks penalties "for Aggrieved Employees who worked in the Homecare Class" from October 24, 2016 to the present." (¶ 135). Therefore, Maxim interprets the PAGA claim as seeking to represent only the Homecare Class during this period. As with the class allegations, however, there are no PAGA allegations about anyone other than the two Plaintiffs, who both worked in private homes as LVNs in the Homecare Division.

Plaintiffs' PAGA allegations are also improper and should be stricken to the extent they allege violations of Labor Code §§ 204, 204(b), 210, 223, 226.7, and 512. *See* 5AC ¶ 136. Plaintiffs do not even cite these sections anywhere else in the 5AC, much less make any factual allegations that would support such violations.

Moreover, many of the alleged PAGA violations fail because Plaintiffs fail to adequately plead their underlying claims. For instance, Plaintiffs' PAGA claims premised on minimum wage violations and failure to timely pay wages upon separation fail because, as discussed below, Plaintiffs fail to sufficiently plead these primary claims. *See infra* Sections III.D.1, III.D.2. Likewise, Plaintiffs' PAGA claim premised on violations of Labor Code § 1174 fails because Plaintiffs fail to plead a plausible violation of Labor Code § 1174. *See infra* Section III.D.3.

Finally, Plaintiffs' allegations in their non-PAGA claims seeking penalties that can only be recovered under PAGA should be stricken. *See* 5AC ¶¶ 79, 82-83,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 33422845

18

CASE NO.: 2:17-CV-01072-AB

94, 97-98, 121, 122, 123.

## 2.   The PAGA Claims Are Unmanageable.

Even assuming that Plaintiffs' PAGA claims are limited to the Labor Code violations they successfully plead in the 5AC, the Court should still strike Plaintiffs' PAGA claims because they are inherently unmanageable given the dissimilar theories of liability between the two Plaintiffs.

The California Supreme Court has confirmed that plaintiffs must demonstrate that their representative action presents manageable issues for resolution. *Krause v. Trinity Mgmt. Serv., Inc.*, 23 Cal. 4th 116, 138 (2000) *superseded by statute*, Cal. Bus. & Prof. Code § 17203; *see also Williams v. Superior Court*, 3 Cal.5th 531, 559 (2017) ("proof of a uniform policy is one way a plaintiff might seek to render trial of the action manageable.").  This case law makes clear that a trial court has the "discretion to decline to entertain the action as a representative action" where such a case would be unmanageable. *Krause*, 23 Cal. 4th at 138; *Rosenbluth Int'l v. Superior Court*, 101 Cal. App. 4th 1073, 1079 (2002) (same).

Here, Plaintiffs must plead facts sufficient to plausibly suggest that they can "prove Labor Code violations with respect to each and every individual on whose behalf [they] seek[ ] to recover civil penalties." *Hibbs-Rines v. Seagate Techs.*, 2009 U.S. Dist. LEXIS 19283, *4 (N.D. Cal. Mar. 2, 2009).  Critically, nowhere in the 5AC do Plaintiffs allege any facts to show that every Homecare Class member was subject to a common policy or practice by Maxim that could establish violations across the putative class as to even one of their claims.  This is particularly clear when the two named Plaintiffs, Fuentes and Johnston, are not themselves "similarly situated."  Dismissal is appropriate both on this basis and because resolving Plaintiffs' claims would require a myriad of individualized inquiries to determine both who is "aggrieved" at all and who suffered violations during each pay period as to each claim. *Jeske*, 2012 WL 78242, at *13 (dismissing PAGA claims where the class, defined as all Maxim employees in the State of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 33422845

19

CASE NO.: 2:17-CV-01072-AB

California, was not defined with particularity); *see also Amey v. Cinemark USA, Inc.*, 2015 WL 2251594, at *16 (N.D. Cal. May 13, 2015) (dismissing representative PAGA claim because "numerous individualized determinations would be necessary to determine whether any [aggrieved employee] has been injured by [defendant's] conduct"); *Litty v. Merrill Lynch*, 2014 WL 5904904, at *3 (C.D. Cal. Nov. 10, 2014) (striking representative PAGA claim as "unmanageable" because "individualized issues predominate in this action"); *Ortiz v. CVS Caremark Corp.*, 2014 WL 1117614, at *4 (N.D. Cal. Mar. 19, 2014) (dismissing representative PAGA claim as "unmanageable" because "a multitude of individualized assessments would be necessary").

### D.   Plaintiffs' Individual Claims Fail Because They Lack Adequate Factual and Legal Allegations.

The Court should also dismiss several of Plaintiffs' individual claims because they do not plausibly state a claim.

#### 1.   The 5AC Lacks Sufficient Factual Allegations to Support Johnston's Second Cause of Action for Minimum Wage Violations.

The minimum wage claim is premised solely on the allegation that Johnston worked *one* hour in Los Angeles County at a regular rate of pay that fell under the $12.00 minimum wage allegedly required under the Minimum Wage Ordinance for Los Angeles County, Chap. No. 8.100.010, *et seq. See* 5AC, ¶¶ 27, 29, 88.[3] Plaintiffs allege no other specific factual basis for their minimum wage claim. However, Chapter No. 8.100.030 of the Minimum Wage Ordinance defines an "Employee" as any individual who, "[i]n a particular week performs <u>at least two hours of work</u> within the unincorporated areas of the County for an Employer" and "[q]ualifies as an Employee entitled to payment of a minimum wage from any Employer."  (emphasis added).  Because the 5AC does not allege that Johnston

---

[3] Fuentes makes no minimum wage claim at all, nor could she since she worked in San Diego County.  5AC ¶ 18.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 33422845

20

CASE NO.: 2:17-CV-01072-AB

worked at least two hours in an unincorporated area of Los Angeles County, the minimum wage claim fails to state a claim and must be dismissed.  *See Landers*, 771 F.3d at 646.  Given that Plaintiffs' minimum wage allegations fall short of the requirements set forth in *Iqbal*, *Twombly*, and *Landers*, dismissal of this claim is appropriate.

> **2.**      **The 5AC Lacks Sufficient Factual Allegations to Support Plaintiffs' Third Cause of Action for Failure to Timely Pay Wages Upon Separation of Employment.**

As before, Plaintiffs' unpaid wages claim relies on the conclusory allegation that "Defendants failed to provide Plaintiffs and putative Class Members all unpaid wages in their final paychecks or in a timely manner."  5AC ¶ 45.  Critically, the 5AC does not contain any supporting factual allegations such as what wages Plaintiffs believe they are owed, the amount of those wages, or any facts relating to the time period any payments occurred upon termination.  The Court should therefore dismiss Plaintiffs' unpaid wages claim.[4]  *See*, *e.g.*, *Anderson v. Blockbuster Inc.*, 2010 WL 1797249 at *3 (E.D. Cal. May 4, 2010) ("These conclusory allegations do not meet minimum pleading requirements.  Plaintiff fails to state when or how Defendant failed to pay the required wages. Without more, such legal conclusions do not suffice."); *Ritenour v. Carrington Mortg. Servs. LLC*, 228 F.Supp.3d 1025, 1033 (dismissing claims for failure to timely pay wages during employment and upon discharge where "[t]he fifth and sixth causes of action for failure to pay wages timely upon discharge and during employment contain no description of what wages were due, when they were due, and when, if at all, they were paid.").

Additionally, Plaintiffs allege in conclusory fashion that "Defendants willfully failed to pay Plaintiffs' wages pursuant to the requirements of Labor Code §§ 201, 201.3, and/or 202."  5AC ¶ 146.  Again, however, Plaintiffs fail to allege

---

[4] Johnston's claim must be dismissed for an additional reason – she alleges that she is a current employee.  5AC ¶ 19.

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Los Angeles

DB2/ 33422845

21

CASE NO.: 2:17-CV-01072-AB

any facts demonstrating that Maxim willfully failed to pay them timely wages, and the Court should dismiss their fifth cause of action as a result. *See*, *e.g.*, *Brown v. Wal-Mart Stores, Inc.*, 2013 WL 1701581, at *8 (N.D. Cal. April 18, 2013) (noting "conclusory allegations of willfulness, without further factual support, are insufficient."); *Sanchez v. Aerogroup Retail Holdings, Inc.*, 2013 WL 1942166, at *14 (N.D. Cal. May 8, 2013) ("Plaintiff has, in essence, just restated the language of Section 203.  Plaintiff has not alleged facts showing that [defendant] *willfully* refused to pay Plaintiff her wages after she was discharged or quit.  Consequently, Plaintiffs' Section 203 claim must be dismissed….") (emphasis added).

Notably, despite the Court's prior dismissal of this claim on these grounds, *see* Dkt. # 50 at 9:7-17, Plaintiffs did nothing materially to change their final wages claim pleading after the Court granted leave to amend.  Therefore, the Court should now dismiss Plaintiffs' third cause of action with prejudice, consistent with its admonition that "the failure to allege sufficient factual details in an amended pleading … may result in dismissal of those amended claims with prejudice." *Id.* at 15:12-14.

### 3. The 5AC Lacks Sufficient Legal and Factual Allegations to Support Plaintiffs' Representative Claim for Failure to Maintain Records.

Plaintiffs allege that Maxim "provided Plaintiffs no records showing the hours they reported working (i.e., timesheets), other than paystubs and a W-2," and that "Plaintiffs are informed and believe, and therefore allege, that the records Defendants are required to maintain within the meaning of Labor Code § 1174 do not exist."  5AC ¶¶ 32-33.  Plaintiffs further allege a PAGA representative cause of action derivative of a Labor Code § 1174 violation. *Id.* at ¶ 136.

Labor Code § 1174 requires an employer to "[k]eep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 33422845

22

CASE NO.: 2:17-CV-01072-AB

employees employed at the respective plants or establishments." Cal. Lab. Code § 1174(d). The language of Labor Code § 1174 therefore does not require that the employer keep timesheets in particular, but rather "payroll records showing the hours worked daily by and the wages paid to . . . employees." Plaintiffs' allegation that Maxim kept no such records is belied by the fact that each of Plaintiffs' own Exhibits 1 through 5, as attached to the 5AC—*i.e.*, the very "paystubs" that Maxim provided to Plaintiffs—reflect on an "Earnings" table (on the lower right of each paystub) the daily breakdown of Plaintiffs' regular and overtime hours, rates of pay, and total pay, in satisfaction of the requirements of Labor Code § 1174(d). Because Plaintiffs fail to plausibly plead a violation of Labor Code § 1174, this alleged PAGA claim should be dismissed or stricken.

### 4.   The 5AC Lacks Sufficient Factual Allegations to Support Fuentes's First Cause of Action for Overtime Violations.

Fuentes alleges two factual bases for her overtime claim, both of which are legally insufficient. First, she claims that on two occasions, Maxim failed to include a non-discretionary bonus payment in her regular rate of pay when calculating her overtime rate. 5AC ¶¶ 24-25. However, she does not allege that she *earned* any non-discretionary bonus in the same pay period that she worked the overtime hours at issue, which is a pre-condition to their possible inclusion in the regular rate of pay for those pay periods. *See Alvarado v. Dart Container Corp.*, Case No. S232607 (Cal. Sup. Ct, March 5, 2018).

Fuentes's overtime claim also alleges that Maxim paid her at 0.5 (rather than 1.5) times her base hourly rate of $19.00 for overtime for the pay period ending July 22, 2017. However, Fuentes conspicuously fails to attach her applicable wage statement as an exhibit, despite attaching every other wage statement referenced in the 5AC. *See id.* at ¶ 26. Fuentes alleges that because her base rate was $19.00 an hour, Maxim "should have paid her $28.50 an hour for overtime." A court may consider documents not attached to the pleadings whose contents are alleged in the

complaint and whose authenticity are not questioned upon ruling on a motion to dismiss. *See Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994). The relevant wage statement, attached hereto as Exhibit 1, indicates that Maxim paid Fuentes $28.50 per hour for the eight hours she worked at her regular rate, and $9.50 per hour for the four hours she worked at her overtime rate, for a gross total of $266.00. However, as Fuentes alleges, her straight-time rate was $19.00, not $28.50. Based on her true hourly rate, she was due $266.00 ([$19.00 x 8 hours] + [$28.50 x 4 hours]), which is exactly what she was paid. Thus, Fuentes has no overtime claims, and at most could plead a clerical wage statement error with no injury. Accordingly, Fuentes's overtime claim should be dismissed.

## IV.   CONCLUSION

Plaintiffs' amendments to the 5AC do not cure the fundamental defects—of, among other things, imprecise, overbroad, and unascertainable class and representative allegations—that the Court identified in dismissing Plaintiff Fuentes's claims with leave to amend. Fuentes instead chose to add another named Plaintiff, Myrna Johnston, whose individualized wage and hour allegations once again highlight why this action cannot proceed on a class or representative basis. Moreover, none of Plaintiffs' new factual allegations suggest any likelihood that Plaintiffs would be able to fix these deficiencies upon further amendment.

For all of the foregoing reasons, Maxim respectfully requests that the Court grant its motion to dismiss and/or strike Plaintiffs' 5AC with prejudice and without leave to amend.

Dated:  June 25, 2018          MORGAN, LEWIS & BOCKIUS LLP

By  */s/ John S. Battenfeld*
   John S. Battenfeld
   Lincoln O. Bisbee
   Alexander L. Grodan
   Linda Z. Shen

   Attorneys for Defendant
   MAXIM HEALTHCARE SERVICES, INC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 33422845

24

CASE NO.: 2:17-CV-01072-AB