Thomas D. Rutledge (SBN 200497)
Attorney-at-Law
113 West G Street, Suite 231
San Diego, California 92101
Telephone:   (619) 886-7224
Facsimile:    (619) 259-5455

Attorneys for Plaintiffs-Appellants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH FUENTES and MYRNA JOHNSTON, individually, and on behalf of themselves and others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>MAXIM HEALTHCARE SERVICES, INC., et al.<br><br>　　　　　Defendants. | Case No.: 2:17-cv-01072<br><br>Judge:　　　　Hon. André Birotte Jr.<br>Department:　7B<br><br>**PLAINTIFFS' NOTICE OF APPEAL** |

Thomas D. Rutledge
Attorney-at-Law
113 West G Street, Suite 231
San Diego, California 92101
Telephone:  (619) 886-7224
Facsimile:  (619) 259-5455

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Plaintiffs Elizabeth Fuentes and Myrna Johnston (Thomas D. Rutledge, the real party in interest) hereby appeals to the United States Court of Appeals for the Ninth Circuit from the Order entered by the above-mentioned Court on February 8, 2019 (Docket Number 132), a copy of which is attached hereto and marked as Exhibit 1.

Dated:  May 3, 2020                          Very Respectfully,

                                             By:  /s/*Thomas D. Rutledge*
                                                  Thomas D. Rutledge
                                                  Attorneys for Plaintiffs-Appellants

**Thomas D. Rutledge**
Attorney-at-Law
113 West G Street, Suite 231
San Diego, California 92101
Telephone:  (619) 886-7224
Facsimile:  (619) 259-5455

# Exhibit 1

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11   ELIZABETH FUENTES and MYRNA          Case No.: 2:17-cv-01072-AB (Ex)
     JOHNSTON, individually, and on
12   behalf of themselves and all others   **ORDER GRANTING DEFENDANT'S
     similarly situated,                   MOTION FOR SANCTIONS**

13              Plaintiff,

14   v.

15   MAXIM HEALTHCARE SERVICES,
16   INC. and DOES 1-50,

17              Defendants.

18

19

20        On December 28, 2018, Defendant Maxim Healthcare Services, Inc.

21   ("Defendant") filed a Motion for Sanctions and a Contempt Order.  Dkt. No. 116.

22   Plaintiffs and putative class representatives Elizabeth Fuentes and Myrna Johnston,

23   ("Plaintiffs") filed a response and Defendant filed a reply.  Dkt. Nos. 119, 121.  The

24   Court heard oral argument regarding Defendant's Motion on February 1, 2019 and

25   took the matter under submission.  For the following reasons, the Court **GRANTS**

26   Defendant's Motion.

27   / / /

28   / / /

                                    1.

# I.   BACKGROUND

## a.  PLAINTIFFS' ALLEGATIONS

Defendant's Motion arises out of its dispute with Plaintiffs, former employees of Defendant.  Defendant is a healthcare staffing agency that employs personnel to work in either Defendant's customers' homes or facilities.  Plaintiffs allege that Defendant failed to pay overtime and failed to provide accurate wage statements over their period of employment.  Plaintiffs further allege that Defendant failed to timely make payments, violated various provisions of the Labor Code and California Labor Code, is liable under PAGA, and violated the UCL.

## b.  THE COURT'S PROTECTIVE ORDER

On August 20, 2018, Plaintiffs moved to compel further discovery responses and personnel records from Defendant.  Dkt. No. 82.  Amongst the requested personnel records sought for putative class members, Plaintiffs requested information including contact information, records, timesheets and similar documents, work schedules, wage and earning statements, and W-2s.  *Id.*  Plaintiffs' Counsel expressed a need for these documents in order to "try [Plaintiffs'] PAGA case, to support their motion for class certification, and to refute any evidence submitted by Defendant in its defense."  Rutledge Decl. at ¶ 10.

On September 11, 2018, the Court issued an Order on Plaintiffs' motion to compel, finding that "Plaintiffs have failed to submit evidence that the particular Labor Code violations allegedly occurring to them in the branch office(s) out of which they worked occurred anywhere else or to anyone else."  Dkt. No. 89 at 3.  Accordingly, the Court limited Plaintiffs' discovery request, noting that any discovery "shall be subject to a protective order . . . limiting use of the discovery to use *for purposes of this litigation only.*"  *Id.* at 4-5 (emphasis added).  Specifically, the Court (1) restricted contact information to "nonexempt external homecare workers who were assigned to the same branch office(s) as Plaintiffs plus a ten (10) percent random sample of nonexempt external homecare workers assigned to each of Defendant's

other branch offices in California;" and (2) limited timekeeping and payroll records to "the available electronic records for nonexempt external homecare workers assigned to the same branch office(s) as Plaintiffs." *Id.*

The Court granted the parties' stipulated Protective Order which provided that material disclosed or produced through discovery was only to be used "in connection with this Action for prosecuting, defending, or attempting to settle this Action only and may not be used by a Receiving Party for any purpose in another action." Dkt. No. 92. The stipulated Protective Order further specified that "[a]ny willful violation of [the Order] may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court. *Id.*

Pursuant to the Court's Order, Defendant produced contact information for over 3,500 employees, affixing the "Confidential" marker to the documents. Grodan Decl. at ¶ 2.

### c. PLAINTIFFS' COUNSEL'S MASS SOLICITATIONS

Shortly after Defendant's production, Plaintiffs' Counsel began to distribute solicitations to individuals whose contact information he had received pursuant to the Protective Order. Grodan Decl. at ¶ 4, Ex. B. Each page of the distribution letters included a bolded header which read "**THIS IS AN ADVERTISEMENT**". *Id.* Each letter informs individuals of the current action pending before this Court and identifies Plaintiffs' claims for (1) underpaid overtime wages; (2) confusing and erroneous paystubs; and (3) failure to maintain accurate records. *Id.* The letters purport to "advise [recipients] of the status of the case and to request [their] assistance in [Plaintiffs'] investigation". However, the letters also cite to Plaintiff's Counsel's website and express the success Plaintiff's Counsel has had in the past with similar claims. Further, at the end of the letter, Plaintiffs' Counsel offers to "review [the recipient's] personnel file to determine if [they] have personally suffered wage and hour violations at no cost to [them]" and attaches an "Employee Personnel Record

1    Release Form" for the recipient to sign.

2           The enclosed release form is directed to the "Personnel Director" of Maxim

3    Healthcare Services, Inc. and appears to authorize Maxim to release to Plaintiffs'

4    Counsel, "Thomas D. Rutledge, Esquire", "any information requested regarding my

5    employment record including, but not limited to my pay records, employment

6    application, personnel record, counseling record, and any other information relating to

7    my employment." *Id.* The release forms do not make reference to the Court's

8    Protective Order, nor do they mention the limitations on the discovery procedures

9    established in this dispute.

10          In October 2018, Defendant began receiving letters from Plaintiffs' Counsel

11   enclosing executed release forms for individual Maxim employees who are putative

12   class members in the instant action.  Grodan Decl. at ¶ 3, Ex. A.  The letters indicate

13   that each individual authorized Plaintiffs' Counsel to represent them and threatens to

14   initiate an action for attorneys' fees should Defendant ignore them.  *Id.*  Each letter

15   demands that Defendant produce within 21 days the following records for a specified

16   class member: personnel file and payroll records; wage and earning statements for

17   each pay period for the last four years; time cards, timesheets, and any other

18   documents evidencing the hours the putative class member worked with Maxim;

19   employment application; W-4s and W-2s, evidence of the putative class member's

20   accrued vacation time; earned commission; accrued sick leave; pension benefits;

21   Maxim's employee handbook, commission policy, bona fide commission plan, and

22   policies regarding overtime compensation, and meal and rest periods; all information

23   concerning "anything in connection" with the individual's employment with

24   Defendant.  *Id.*

25          Defendant notified Plaintiffs' Counsel of the perceived impropriety of the

26   letters.  On October 23, 2018, Defendant notified Plaintiffs' Counsel that the letters

27   violated the Court's order.  Grodan Decl. at ¶ 5, Ex. C.  Plaintiffs' Counsel made

28   slight edits to the letters, which were not approved by Defendant, and proceeded to

mail the remaining solicitations. *Id.* Notwithstanding the lingering dispute between the parties regarding the propriety of the letters, Plaintiffs' Counsel did not seek clarification from the Court regarding the scope of its Protective Order.

### d. NEW CLAIMS ARISING FROM PLAINTIFFS' COUNSEL'S SOLICITATIONS

On December 6, 2018, Plaintiffs' Counsel filed a lawsuit in San Diego County Superior Court on behalf of Maxim employee, Gina Johnson, alleging violations of Labor Code Sections 226, 432, and 1198.5 for failure to provide the records requested on Johnson's executed record release form. *Id.*, Ex. J. The same day, Plaintiffs' Counsel filed another lawsuit on behalf of another solicited employee, Mahabbat Alieva, alleging identical claims. On December 13, 2018 Plaintiffs' Counsel filed two more lawsuits on behalf of two additional solicited employees, Deana Martinez-Armstrong and Dolores Nevarez, alleging the same claims as the December 6th lawsuits. *Id.*, Ex. K.

At the hearing, the Court learned of yet another new lawsuit filed by Plaintiffs' Counsel on behalf of a solicited employee alleging the same claims as the prior four lawsuits.

## II. LEGAL STANDARD

Rule 37 of the Federal Rules of Civil Procedure grants courts the authority to impose sanctions for failure to obey a discovery order. Fed. R. Civ. P. 37(b)(2)(A). Rule 16 independently provides courts with the authority to issue sanctions where "a party or its attorney . . . fails to obey a scheduling or other pre-trial order." Fed. R. Civ. P. 16(f). In such circumstances, "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii-vii)" *Id.*

Rule 37 does not explicitly provide for monetary sanctions as Defendant requests. It instead allows a court to hold a disobedient party in contempt. Fed. R. Civ. P. 37(b)(2)(A)(vii). "A civil contempt sanction should either seek to coerce the contemnor into future compliance with the court's order or to compensate the

complainant for losses resulting from the contemnor's past noncompliance." *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1062 (2d Cir. 1995) (quotations omitted); *see also Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1481 (9th Cir. 1992) (explaining that a $10,000 per day fine was a civil contempt sanction because it was intended to coerce future compliance with a post-judgment discovery order).

A court may impose a civil contempt fine where the court finds that there was "willful disobedience of a court order . . . or where the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Evon v. Law Offices*, 688 F.3d 1015, 1035 (9th Cir. 2015) (quoting *Fink v. Gomez*, 239 F.3d 989, 991-93 (9th Cir. 2001)).

An attorney may be disqualified pursuant to the Court's inherent power to "control in furtherance of justice, the conduct of its ministerial officers, and of all other persons in any manner connected with a judicial proceeding before it, in every matter pertaining thereto." *People ex rel. Dep't of Corps. v. Speedee Oil Change Sys., Inc.*, 20 Cal.4th 1135, 1145 (1999). Motions to disqualify involve a conflict between a client's right to his or her attorney of choice and the need to maintain ethical standards of professional responsibility. *Id.* The Court's "paramount concern must be to preserve public trust in the scrupulous administration of justice and the integrity of the bar." *Id.*

### III.   DISCUSSION

Defendant argues that Plaintiffs' Counsel improperly used the distribution letters, intended to inform putative class members of this lawsuit, to garner new clients. Indeed, shortly after Plaintiffs' Counsel's mailings, five new lawsuits were brought to enforce the record releases authorized by various recipients. Plaintiffs' Counsel argues that he is entitled to represent these new individuals because their employment documents are being withheld by Defendant in contravention of the First Amendment.

Plaintiff primarily asserts that, while he recognizes that the Protective Order

6.

limits discovery to information relating to *this* case, the First Amendment permits him to seek discovery in *any* case because otherwise potential individual's rights would be violated. Further, Plaintiffs' Counsel argues that the Court should allow consolidation of the newly filed lawsuits.

A civil contempt fine is appropriate here. The First Amendment does not prohibit Courts from limiting the scope of discovery. Where courts must limit an attorney's ability to communicate with potential class members, it must be based on a "clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Gulf Oil Co. v. Bernard*, 452 U.S. 78 (1981). Here, the Court's Protective Order took into account the plausible claims that Plaintiff asserts against Defendant when it limited the scope of discovery "for purposes of this litigation only". It is unclear to the Court how Plaintiffs' Counsel could interpret the Court's clear and unambiguous limitation on discovery in a fashion which permitted solicitation and attempted to skirt the well-established discovery procedures mandated by the Federal Rules of Civil Procedure.

Plaintiff filed five additional lawsuits against Defendant requesting much of the same documentation that the Court unambiguously set aside from discovery. These lawsuits were filed shortly after receiving information from Defendant. Plaintiffs' Counsel clearly intended to solicit—and indeed succeeded in soliciting—new clients with his letter. Each solicitation letter discusses Plaintiffs' Counsel's success in similar cases and requests that any recipient contact him if there are any questions about their employment information. Moreover, Plaintiffs' Counsel failed to identify for the Court the legal connection between these five lawsuits, filed in the Superior Court of San Diego County, with *this* litigation. Even a generous reading of the Court's Protective Order could not reasonably lead Plaintiffs' Counsel to view his actions as appropriate and consistent with the Court's imposition of limited discovery. *See e.g.*, *Burda v. Fidelity Nat'l Mgmt. Servs., LLC*, 2013 WL 11042668 (C.D. Cal. Mar 25, 2013) (finding sanctions were appropriate where putative class counsel

distributed solicitation letters in light of protective order that held discovery would not be used "for any purpose outside of this litigation").

The Court imposes the following sanctions on Plaintiffs' Counsel for his wanton violation of the Court's Protective Order:

First, the Court awards to Defendant all reasonable attorneys' fees and costs incurred in bringing this Motion for Sanctions. Defendant's Counsel shall submit a declaration and proposed order within ten days detailing its total amount of attorneys' fees and costs, supported by a lodestar showing.

Second, Plaintiffs' Counsel is hereby disqualified from representing any individuals whose representation is, or could be, based on the solicitations and release forms distributed by Plaintiffs' Counsel. Plaintiff must immediately dismiss any new claims or actions already filed on behalf of any such individual. The sanction of disqualification is appropriate because Plaintiffs' Counsel has shown a disregard for the Court's Protective Order limiting discovery. The Court must preserve public trust in the integrity of the bar.

///

///

///

///

///

///

///

///

///

///

///

///

///

8.

1    Finally, within 30 days, Plaintiffs' Counsel shall send another letter to every

2  person who received a solicitation letter after September 11, 2018, stating that: (1)

3  Plaintiffs' Counsel cannot represent them in the instant litigation, (2) they do not have

4  to communicate with Plaintiffs' Counsel, and (3) they are free to seek alternate

5  counsel. This letter shall be filed with the Court and provided to counsel for

6  Defendant no less than 10 days before being sent to the former putative class

7  members.

8  **IV.   CONCLUSION**

9    Plaintiffs' Renewed Motion for Sanctions is **GRANTED.**

10  **IT IS SO ORDERED.**

12  Dated: February 08, 2019

13         HONORABLE ANDRÉ BIROTTE JR.

14         UNITED STATES DISTRICT COURT JUDGE

## CERTIFICATE OF SERVICE

I, THOMAS D. RUTLEDGE, the undersigned, am employed in the County of San Diego, State of California; I am over the age of 18; my business address is 113 West G Street, Suite 231, San Diego, California 92101.

On May 3, 2020, I served the foregoing document(s) described as:

### PLAINTIFFS' NOTICE OF APPEAL

on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows: **See Attached List.**

☒**(BY E-FILE )**   I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel denoted on the attached Service List, and I hereby certify that I have mailed the foregoing document(s) via the U.S. Postal Service to the non-CM/ECF participants indicated on the attached Service List.

☒**(FEDERAL)**   I declare I am employed in the office of a member of the bar of this court, at whose direction this service was made.

I, SAHAR SADEGHIFARD, the undersigned, am employed in the County of San Diego for the Law Offices of Thomas D. Rutledge, State of California; I am over the age of 18 and not a party to the within action; my business address is 113 West G Street, Suite 231, San Diego, California 92101.

On May 3, 2020, I served the foregoing document(s) described as:

### PLAINTIFFS' NOTICE OF APPEAL

on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows: **See Attached List.**

☒**(BY MAIL)**   I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in San Diego, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

Executed May 3, 2020, at San Diego, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

/s/*Thomas D. Rutledge*
THOMAS D. RUTLEDGE

/s/*Sahar Sadeghifard*
SAHAR SADEGHIFARD

**Thomas D. Rutledge**
Attorney-at-Law
113 West G Street, Suite 231
San Diego, California 92101
Telephone:   (619) 886-7224
Facsimile:   (619) 259-5455

1

## __SERVICE LIST__

2

John S. Battenfeld, Esquire

3
MORGAN, LEWIS & BOCKIUS LLP

4
300 South Grand Avenue, 22 Floor

Los Angeles, California 90071

5
Attorneys for Defendant

6
MAXIM HEALTHCARE SERVICES, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Thomas D. Rutledge**
Attorney-at-Law
113 West G Street, Suite 231
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile:  (619) 259-5455